**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FEB 9 2004

**PATRICK FISHER**
**Clerk**

UNITED STATES,

      Plaintiff - Appellee,

v.

JOSE RUBEN CALLENTE-
BARRIENTOS,

      Defendant - Appellant.

No. 03-6099
(No. CR-02-221-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Defendant Jose Ruben Callente-Barrientos pleaded guilty to unlawfully reentering the United States after deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a). On appeal, he argues that the district court's sentence is excessive. Counsel appointed to represent defendant filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

judgment and belief the appeal raised no meritorious issues and asking leave to withdraw. Because we conclude that Callente-Barrientos' claim is frivolous, we **DISMISS** the appeal and **GRANT** counsel's motion to withdraw.

Callente-Barrientos is an alien who was deported to Mexico first in 1995 and then again in 1997, following separate felony convictions. After pleading guilty to being in the United States in violation of 8 U.S.C. § 1326, he was sentenced to a term of seventy-seven months imprisonment and two years supervised release. Callente-Barrientos has asked counsel to appeal the district court's sentence as excessive for the offense of illegal reentry. Anders instructs that a counsel who, after conscientious examination, finds a case to be frivolous should advise the court and request permission to withdraw. 386 U.S. at 744. In addition, counsel must submit a brief both to the court and to his client referring to anything in the record that arguably supports the appeal. Id. If upon a complete examination of all proceedings, we agree that the appeal is frivolous, we will grant counsel's request to withdraw and dismiss the appeal. Id.

At the sentencing hearing, Callente-Barrientos did not object to the presentence report, but rather argued that the resulting guideline range of seventy-seven to ninety-six appeared to him to be excessive. He does not argue that the Sentencing Guidelines were computed incorrectly on appeal. Rather, he asserts that the sentencing court did not give adequate reasons for its sentence as required

2

by 18 U.S.C. § 3553(c) and imposed a sentence which was excessive and greater than necessary, in light of the factors that a district court must consider when imposing a sentence. See 18 U.S.C. § 3553(a). Callente-Barrientos therefore requests that we vacate his sentence and remand for resentencing.

Our review of the record reveals nothing that indicates that the sentence imposed was in violation of the law or the result of a misapplication of the Sentencing Guidelines, nor was there any motion before the court requesting a downward departure from the Guidelines. A violation of 8 U.S.C. § 1326(a) results in a base offense level of eight. U.S.S.G. § 2L1.2. The presentence report added sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because Callente-Barrientos was deported previously following drug trafficking offenses for which he received sentences exceeding thirteen months; the presentence report then subtracted three levels pursuant to U.S.S.G. § 3E1(a) & (b) for acceptance of responsibility, resulting in a total offense level of twenty-one. Callente-Barrientos' total criminal history points established a criminal history category of VI, which when combined with his offense level of twenty-one, resulted in a guideline range of seventy-seven to ninety-six months. The district court's sentence was at the bottom of the established range.

Because we conclude that the record establishes no non-frivolous grounds for appeal, we **DISMISS** Callente-Barrientos's appeal under Anders, and

**GRANT** counsel's motion to withdraw.  <u>Anders</u>, 386 U.S. at 744.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

4